I want to focus primarily on what I refer to as the Jamaican threat evidence that was not permitted to be presented at trial, and it seems to me that there's three issues in regard to that particular evidence. The first issue is, is it hearsay? Second issue is, assuming it's not hearsay, can post-arrest, essentially, actions or conduct be— So who, what would have been the foundation that would have, you know, explained how this is, what it purports to be, and even what it purports to be, because it's not clear who the speakers are. Okay, so that was apparently one of the issues that the district court had, and it had mentioned in that the foundation would be my client's testimony, Ms. Garcia's testimony, because if the purpose of the, or if the admissibility of the statement is because of the effect that it has on Ms. Garcia reading it, then the only foundation that is necessary is for her to say, I received this message. Now, the issue of, well, how strong is that evidence, that's an issue of weight, not admissibility, and so certainly the government could have argued when it was admitted that, okay, well, we don't know who sent this, they could have had anybody create this, all that. They could have done that, number one. So she would have testified that she was the right-hand side conversant in this conversation? She would have testified that she received that, and she was the, I think it's the right-hand side. The BF, I think, was the left-hand side that was sent, which meant, I think, best friend. But the left-hand side, it says, hey, it's Kim, so that's the co-defendant who cut out. It's printed from the screen of somebody who got this from Brittany, but whose screen is printed, and it's Kim speaking to whom? My client. To your client. Right. Well, it's Kim speaking, and the way I understand it is forwarding information as well, either by redoing it or forwarding the information that the Jamaicans were after her, or potentially after her. But she didn't come forward with a version of this from her own phone? It comes in the form of something printed from Brittany forwarding the conversation? No, this came from her own phone. But it says at the top, it says Brittany, indicating that this, what this is, comes from Brittany, which is odd if it's a conversation that does involve Brittany. Indeed, the first thing that Kim says is, Brie blocked me. So, it is very confusing what this is and who's... So, Brittany is sending the information to Desiree, who is then forwarding it to Ms. Fredo. Okay. But Ms. Leone is sending it to my client, Ms. Garcia. The information comes, I believe this information came from my client's phone, because she provided it to me that then we then disclosed. Okay, and then she, my client also forwarded it to Ms. Fredo. But, okay, so then turning to the text, how does the text support a duress defense when the text of the threat is basically, you know, the drugs didn't get delivered and we didn't get our money and we're not happy about that, which has, that could equally apply to someone who had done this voluntarily, could get the same threat because the deal didn't happen because you got arrested. No question about it. Again, that goes to weight, not admissibility. So, yes, that is one version of it, and certainly the government would be able to get up and to argue that, yes, this could have just as easily been someone who was voluntarily doing it, in agreement with doing it, and that the drugs did not get delivered. Okay, and therefore, don't consider that, ladies and gentlemen. However, it could also mean exactly what, it could corroborate exactly what Ms. Garcia and Ms. Leone were saying. Well, my problem is with relevance. The issue at trial, as I understand it, but correct me if I'm correct, and the duress goes to basically her state of mind at the time of the, that she was committing this, taking the drugs. Correct, so that's the, that's the second issue. Well, the first one is it hearsay, it's clearly not hearsay, and I think we're beyond that. We'll just assume that it's not hearsay. What, why, why did the judge abuse his discretion in saying that this is not admissible because it has to do with what happened afterwards and not to her state of mind? Right, and I'm going to, I'm prepared to address that. It's very simple. Okay, so that is the question of, can post-arrest evidence be admissible to prove state of mind at the time of the arrest? So here's my, here's a hypothetical that I have. That's a very general proposition. We have a very specific case here. Yeah, but let's talk about that. So let's suppose for a second that on the weekend, my client was not arrested immediately, it was like a year later. So let's suppose for a moment that on the weekend following this happened, okay, my client along with Ms. Frejo and Ms. Leone decided they were going to go back down to Nogales and to try to get some recreational drugs. Is there any doubt that someone would say that's clearly relevant because it's contrary to their position, their testimony, that they were afraid to be down there? Okay, clearly that's relevant. Okay, now maybe the longer it gets, and in fact in this particular case, the government put on evidence of this exact nature saying that after the fact, Ms. Garcia went down to Mexico and therefore it shows she wasn't afraid to go down to Mexico. Okay, what does that prove? Okay, it corroborates. We're not now trying to prove the state of mind at that time. All we're doing is corroborating their testimony. Let's say Ms. Garcia is in this particular case. It corroborates her testimony that at the time of the act, the arrest, the transportation, all it does is corroborate that. Okay, it's not that we're proving her state of mind after the fact, but it's some evidence to support. The perfect example would be, let's say that you were threatened today. Okay, and you go to someone and you say, hey I was threatened today. Okay, and they go, well we don't believe you. Okay, well another perfect example I was going to use was, let's suppose for a moment that the day after this my client's house. Okay, would that be some evidence that would corroborate the fact that she had been threatened prior to the act? Absolutely it would be. So the idea that post arrest acts cannot be used to corroborate the statement that I was under threat at the time. We don't have a, this is an evidentiary ruling that's a matter of discretion in the court, and there are all kinds of variables here. How close it was, who it was, and so those are calls that the district court has to make, and I just don't see why those go to wait. He had to admit this. All those go to wait, not admissibility. All those go to wait, because the question is, is that some evidence that Ms. Garcia could have used in order to argue that it corroborates my mind at the time of the event? Absolutely. And then the final argument of course would be, or the final issue then would be the issue of harmless error, because that's the last thing that they bring up. What would be the standard for harmless error? Is it preponderance or Chapman? I'm not, I can't say off the top of my head. I think that. Do you want to save a minute for rebuttal? Sure. Josh Collins, I have a question if that's okay, if we, if you can hear me okay. Castle, I'm going to ask your friend on the other side the same question since we're talking about this relevancy issue. So if your argument is that the post-arrest text messages are relevant and go to the duress defense, are you conceding then that the other post-arrest evidence that was admitted, such as the later trips to Mexico that your client took, as well as the time it took for her to talk to her parents, all of that is also relevant? And so it was appropriate for those things to be taken into consideration in rejecting the duress defense? Well, I'm not sure the duress defense was rejected in this case. That's a whole different issue. But the answer to your question is yes, I absolutely believe that it was relevant. Now, the time that it happened after the fact, I'm not arguing to the jury now, I'm just giving you your answer. That would be something that okay, clearly the evidence is relevant because it is just as the government argued is that it shows that she wasn't afraid to go down to the way that she's, or she wasn't in fear the way that she was claiming she was in fear on the date of the incident. And it's exactly the same. But all the evidence is exactly the same. All right, we took you over, but I'll give you two minutes for pre-cub. Did I pronounce that correctly? Yes, Your Honor. Before you get started, maybe you can just know that I would like you to answer the same question that I just asked the other lawyer, which is if your argument is that the post arrest text messages are irrelevant, then wouldn't it be the same for the other post arrest evidence that the government relied on, like her trips to Mexico and the amount of time it took for her to tell her parents? Of course, Your Honor, I would be happy to begin with that question just briefly. Good morning, Your Honors. May it please the court. My name is Sarah Prigup. I am here representing the appellee in this case, the United States. And turning first to that second issue, the evidentiary issue regarding the text messages that were excluded. And to address Your Honor's question, of course, the government did not object to that testimony coming in regarding those post arrest events. So the question of their relevance wasn't raised at trial. But it is the case, I think, that these evidentiary questions are a very fact specific inquiry. And as to each of these, there are questions about when did this evidence occur? How close in time to the alleged threat? Well, that count, I mean, that cuts the other way. I mean, to get the threat that is much more recent and directly tied to the deal versus going back a year or two later is much more remote in time. Yes, there might be a distinction, but it would be for going the other way. It's pretty hard to say that the government gets to argue that you had no fear a year or two later. But oh, if you have evidence that you did have fear, that's got to go out. It seems very hard to justify that. I take Your Honor's point. The government's questions regarding her returning to Mexico a year later were directly in response to the defendants raising this point with the government's expert in his cross-examination. The government questioned the expert whether someone who had been threatened, a 19-year-old woman who had been threatened in Mexico, would ever return back to Mexico and explicitly elicited that testimony that there was zero chance someone in that position would ever return to Mexico. So the government narrowly questioned the defendant regarding that point to address what the defendant had opened the door to. Throughout the rest of the trial, Your Honor, it was the defendant who elicited testimony and other evidence regarding events that happened after their arrest and after their duress. What arguments other than relevance do you have to justify the exclusion of this? Your Honor, in this case, the district court listed a couple of reasons in its decision, specifically that it was not clear how foundation would be established for this exhibit, that it constituted hearsay, and of course— Well, on the foundation issue, that was the first question out of my mouth this morning, and we got a pretty clear answer that it would have been Ms. Garcia herself. Since it came from her phone, she was a participant in the conversation and then could have explained that this is what it purports to be. So that—not sure I see much there. What else do you have? Your Honor, I think there are two other main issues aside from the relevance and the foundation. The first being the hearsay and the second being the potential that it would confuse the jury. So how is it hearsay if it's offered for her state of mind? Your Honor, I think if it is offered for her state of mind, I'd like to address briefly some confusion that I think came up in the briefs regarding 8033, in that 8033 is an exception specifically for the then-existing state of mind of the declarant rather than the defendant, and that the defendant was in fact the declarant in only a few of those messages pictured, specifically the ones in the bottom right, and perhaps most notably not the quote-unquote threat message that's depicted in the left. To the extent that it could be justified under a hearsay exception, Your Honor, we come back to irrelevance, but to set that aside based on Your Honor's question, there is also the issue of jury confusion. And the fact of the matter is the issue that was before the jury was a relatively narrow one. It was whether the defendant was under duress, whether she could prove by a preponderance of the arrest at the time of the offense when she placed those drugs on her person and crossed back into the United States. If the court were to admit evidence of this supposed threat delivered from an unknown source, an unknown amount of time after their arrest, it could confuse the jury as to the real issue into thinking that perhaps later threat constituted some evidence that she was under threat at the time that she committed this offense. So for those reasons, Your Honor, we would ask the court to affirm the district court's ruling and find it did not abuse its discretion. Let's go back to the hearsay point. I take your point that, you know, the relevant statement, which is the threat itself is not itself in its four corners, an expression of her state, the state of mind of the declarant. But can it be viewed in effect as a verbal act or something not offered for the truth? Because it's not so much whether it's true that they're going to come and kill you. It's the fact that they, you get this statement, you receive the statement that contains this. These, the verbal act of uttering these to you scares the heck out of you. Whether or not it's actually true, you're not saying, well, this really is true. Why isn't that make it non-hearsay since it's not offered for the truth of the substance of the threat? Your Honor, I think to the extent that it is offered not for the truth, we find ourselves back with the same issue of irrelevance. That the defendant's state of mind, whether she was afraid several weeks after the event because of a text message that she received at that time, simply isn't relevant to whether she was under duress at the time of the offense. And therefore, the evidence would be permissibly excluded because it's not relevant to the heart of the issue that's in front of the jury. What would be the standard for harmless error? Is it preponderance or chaffing? Your Honor, I believe the standard would be whether it was more probable than not that the error did not materially affect the verdict. This isn't something that implicates, rises to the level of the ability to present a defense, which would then be a constitutional question and trigger chaffing. Correct, Your Honor. I know the defendant did raise that. However, she was able to present a complete defense in this case through her testimony, her parents' testimony. And she did also receive a duress jury instruction from the court. Therefore, she was allowed to present a complete defense. Unfortunately for the defendant, the evidence tended to undermine her defense. And there was more than sufficient evidence for the jury to reach the verdict it did. And the court did not abuse its discretion in declining to set aside that verdict. Some of the evidence that supported that and undermined her duress defense and would also go to the harmless error analysis would be the fact that she passed up multiple opportunities to report the threat to law enforcement. She never mentioned a supposed threat. The man who threatened her remained behind in Mexico while she returned to the United States. She took several days to tell her family members about the supposed threat. And additionally, she, as the court mentioned, did return to Mexico with her family on several occasions after this threat. I will just briefly address, Your Honor, that the first issue that was raised by the defendant as to the sufficiency of the evidence and the inconsistent verdicts, as this court is aware, the case law is settled on this matter. We have precedent from both the Supreme Court and from the Ninth Circuit that a jury may return inconsistent verdicts. It's far from being, as defendant called it, lawless. To the contrary, courts have held that a jury may return inconsistent verdicts against even co-defendants, co-conspirators, or co-conspirators who would seem to be indispensable. And for these reasons, Your Honor, we do respectfully request the court find that the court did not abuse its discretion in making either of these two decisions. If the court has no further questions, I would be happy to turn the podium to my opposing counsel. Thank you, Your Honor. Okay, so we'll hear now a rebuttal for Mr. Kamenow. Thank you. Your Honor, or the court, the issue at trial was, was Ms. Garcia, actually the two co-defendants that were on trial, were they threatened? Because that's what duress is. You know, duress you have to establish that there was a threat and it was a real and viable threat, okay? So the issue is, were they threatened? All right? And counsel can make all the arguments that she made at trial saying, this is why I think duress doesn't apply. But the question then becomes, does this evidence corroborate their testimony that they were threatened? It's undeniable, undeniable that corroborates their testimony that they were threatened. It's not quite whether it goes to the state of mind at the time that they received the threat. I concede that's not the issue. The question is, does it corroborate their testimony that their state of mind at the time of the offense was that they had been threatened? It's undeniable. It's simply undeniable. Yes, it does help corroborate. Now, you can make all the arguments that you want to say, why jury, you don't want to believe it. You know, why that that's not very powerful evidence. Is any number of reasons or possibilities of how they could have fabricated this evidence? Those are all legitimate arguments to make to a jury. You're saying that the fact that that they were threatened after the arrest shows that at the time that of the crime, they were threatened? It corroborates their testimony that there was a threat made prior to the offense. It absolutely corroborates their testimony of that. Just as though if, as the example I was giving you, if I threaten you today and you say you're threatened and someone says, I don't believe you, and then we have documented evidence that you're threatened tomorrow. Okay. Doesn't that support your statement? Right. All right. Thank you, counsel. I appreciate the arguments of both counsel, this case, in this case, and the matter of United States versus Garcia submitted for decision.
judges: SCHROEDER, COLLINS, DESAI